# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **E.J. a Minor, by and through B.J. and J.J., her Parents,** )<br>)<br>Plaintiffs, )<br>)<br>)<br>vs. )<br>)<br>**MONTANA CONTRACTORS' ASSOCIATION HEALTH CARE TRUST,** )<br>)<br>)<br>)<br>Defendant. )<br>)<br>**THE MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES,** )<br>)<br>)<br>)<br>An Interested Party. )<br>------------------------------------------------- ) | **CV 09-133-BLG-RFC**<br><br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

On September 27, 2010 this Court affirmed Defendant Montana Contractors' Association Health Care Trust ("MCAHCT") decision to deny benefits under the terms of its Benefit Plan (the "Plan"). *Doc. 42.* The Plan is a self-funded employee welfare benefit plan within the meaning of section 3(1) of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Presently before the Court is Defendant's motion for attorney fees. *Doc. 47.* Because this was a

-1-

close case and was not filed in bad faith, the Court declines to award Defendant attorney fees. *See West v. Greyhound Corp.,* 813 F.2d 951, 956 (9th Cir. 1987).

The civil enforcement provisions of ERISA provide that a district court, in its discretion, may award attorneys' fees to either party. 29 U.S.C. § 1132(g)(1). The Courts of the Ninth Circuit employ a five-factor test to determine whether an ERISA attorneys' fee award is appropriate: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter others from acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rvkoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980); *Simonia v. Glendale Nissan/Infiniti Disability Plan,* 608 F.3d 1118, 1119 (9th Cir. 2010). Although the same test applies whether the plaintiff or the defendant is the party seeking fees, *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403 (9th Cir. 1997), application of the equitable factors that comprise the test frequently suggest that attorneys' fees should not be charged against ERISA plaintiffs. *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 231 (9th Cir. 1995).

First, neither the first nor the fifth factors weigh in favor of awarding Defendant $60,901.25 in attorneys' fees.  Despite Defendant's arguments to the contrary, this action was not filed in bad faith.  Not only were Plaintiffs required by the Montana DPHHS to bring this suit as a condition of receiving Medicaid, they were motivated by a desire to obtain benefits for their disabled child.

Second, while Defendants argue there is nothing in the record to show Plaintiffs are unable to pay attorney fees, there is nothing in the record to show they are able to pay.  What the record does reflect, is that E.J. will require extensive care and medical treatment for the rest of her life.

With respect to the third and fourth factors, the Ninth Circuit Court of Appeals has made clear they are not relevant when considering whether to award fees to an institutional defendant.  *Tingey v. Pixley-Richards West, Inc.,* 958 F.2d 908, 910 (9th Cir. 1992).

For those reasons, Defendant's Motion for Attorney Fees (*Doc. 47*) is **DENIED.**

Dated this 6th day of December, 2010.

        _/s/ Richard F. Cebull_____
        Richard F. Cebull
        United States District Court